IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


NEIL MONTGOMERY, JR., and
STORMI MONTGOMERY,

    Plaintiffs,

v.                                    CASE NO.   3:07cv176/RV/EMT

DAVOL, INC., and C.R. BARD, INC.,

    Defendants.
_____/

## ORDER

Now pending is the defendants' partial motion to dismiss for failure to state a claim (doc. 5), brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiffs have opposed this motion; in the alternative, they have requested leave to amend their complaint.

### I. Background

This case, in federal court on the basis of diversity jurisdiction, involves medical device product liability. For present purposes, the relevant facts are undisputed and can be stated briefly.

The defendants manufacture and/or distribute medical products for key surgical specialities, including the Composix Kugel Mesh Patch ("the Patch"), which is used for hernia repair. On April 4, 2006, the plaintiff, Neil Montgomery, Jr., underwent surgery at Naval Hospital Pensacola to repair an incisional hernia. The Patch was used and inserted into his body. In the several months that followed, Mr. Montgomery developed abdominal tenderness and severe pain at the site of the hernia repair. Mr. Montgomery and his wife, Stormi Montgomery, thereafter filed this action, alleging that his post-surgery injuries were due to defects in the Patch.

The operative complaint raised seven causes of action: negligence (count I); loss of consortium (count II); strict products liability (count III); negligent infliction of emotional distress (count IV); intentional infliction of emotional distress (count V); breach of implied warranty (count VI); and failure to warn (count VII). The defendants have answered the complaint and, at the same time, now move to dismiss the claim for breach of implied warranty (count VI).[1]

## II. Discussion

In deciding the defendants' motion, I must accept all the factual allegations in the complaint as true and take them in the light most favorable to the plaintiffs. See, e.g., Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200, --- L. Ed. 2d --- (2007); Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require the plaintiffs to set out in detail the facts upon which they base their claim. Instead, Rule 8(a)(2) only requires a "short and plain statement" showing that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964, --- L. Ed. 2d ---- (2007) (citation omitted). Nonetheless, while a complaint need not include detailed factual allegations, it must contain sufficient facts, which, when taken as true, "raise a right to relief above the speculative level." Id. at 1964-65. In other words, the allegations in the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief. See generally Iqbal v. Hasty, --- F.3d ----, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (discussing Bell Atlantic and noting that the Supreme Court there set forth a new "flexible 'plausibility standard,' which

---

[1] In their motion, the defendants also moved to dismiss the claim for intentional infliction of emotional distress (count V). In their brief in opposition, the plaintiffs voluntarily withdrew that claim (see doc. 11 at p.1). Accordingly, this order will only address the motion to dismiss as it concerns the claim for breach of implied warranty.

*Case No. 3:07cv176/RV/EMT*

obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*") (emphasis in original).[2]

In passing on a motion to dismiss under Rule 12(b)(6), I am mindful that such motions are generally "viewed with disfavor and rarely granted." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); see also Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465, 471 (5th Cir. 1968) ("Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.") (binding precedent under Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981)). However, dismissal is appropriate if, assuming the truth of the factual allegations in the complaint, there is a dispositive legal issue which precludes relief. See, e.g., Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Marshall County Bd. of Educ. v. Marshall County Gas Distr., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when,

---

[2] Until recently, courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); accord Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). This rule was abrogated by Bell Atlantic. See 127 S. Ct. at 1968-70 (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard, and determining that because the plaintiffs there had not alleged the necessary facts to plausibly state a *prima facie* case, they had "not nudged their claims across the line from conceivable to plausible [and] their complaint must be dismissed" for failure to state a claim). Thus, to survive a motion to dismiss under Bell Atlantic, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." Id. at 1965. I note that the complaint here was filed *before* the decision was issued in Bell Atlantic. That circumstance does not alter the outcome, however, because I conclude that count VI of the complaint must be dismissed under both the new standard and the one in place at the time of filing.

*Case No. 3:07cv176/RV/EMT*

on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."). With this standard of review in mind, and after review of the applicable law, it is clear the defendants' motion must be granted.

The plaintiffs allege in count VI that the defendants are liable for breach of the implied warranty of merchantability. But, in making this specific allegation, there is no claim that the defendants sold the Patch *directly* to the plaintiffs, nor would there appear to be grounds for such a claim since the Patch is a prescription medical device sold only to healthcare providers. See generally Complaint at ¶10 (asserting that the Patch was designed, manufactured, sold, and distributed "to be used by surgeons for hernia repair surgeries"). Consequently, there is no privity of contract between the plaintiffs and the defendants, which is a necessary element of the claim for breach of implied warranty under Florida law (the substantive law that applies to this diversity case). Bailey v. Monaco Coach Corp., 168 Fed. Appx. 893, 894-95 n.1 (11th Cir. Feb. 22, 2006) (unpublished) ("Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty;" thus, where the plaintiff purchased a defective product from a dealer and not directly from the defendant, the absence of privity was legally dispositive and the "claim of breach of implied warranty fails as a matter of law") (collecting multiple cases); Rees v. Engineered Controls Int'l, Inc., 2006 WL 3162834, at *2 (M.D. Fla. Nov. 2, 2006) ("Since 1988, Florida law has required privity between the manufacturer of the allegedly defective product and the consumer of such [product] in order for the consumer to assert an implied warranty claim"), *citing* Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 (Fla. 1988).

In light of the foregoing, numerous federal courts applying Florida law have held --- specifically in the medical product context --- that there can be no breach of implied warranty in the absence of privity. See, e.g., Timmons v. Purdue Pharma Co., 2006 WL 263602, at *5 (M.D. Fla. Feb. 2, 2006); Sobkowski v. Wyeth, Inc.,

2004 WL 3569704, at *7 (M.D. Fla. May 17, 2004) (collecting cases); <u>Edgar v. Danek Medical, Inc.</u>, 1999 WL 1054864, at *5 (M.D. Fla. Mar. 31, 1999); <u>Barrow v. Bristol-Myers Squibb</u>, 1998 WL 812318, at *46 (M.D. Fla. Oct. 29, 1998); <u>accord</u> <u>Baker v. Danek Medical, Inc.</u>, 35 F. Supp. 2d 875, 878-79 (N.D. Fla. 1998) (rejecting breach of warranty claim where "the product used in plaintiff's surgery was purchased by the hospital first, and then implanted into the plaintiff. The recipient of an implant is not in privity with the manufacturer when the implant is purchased by the plaintiff's medical provider."). Indeed, as I held on similar facts in <u>T.W.M. v. American Medical Systems, Inc.</u>, 886 F. Supp. 842 (N.D. Fla. 1995):

> A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant. The complaint does not allege that the plaintiffs purchased the [medical implant device] directly from the defendant, or that they contracted with the defendant. Because the complaint does not allege privity of contract . . . the complaint fails to allege the essential elements of a breach of either an implied warranty of merchantability or an implied warranty of fitness for a particular purpose.

<u>Id.</u> at 844 (internal citation omitted).

Despite this plethora of case law, which the plaintiffs generally acknowledge, the plaintiffs argue that the foregoing rule of law "is not an absolute one, and non-direct purchasers have been allowed to pursue warranty claims against manufacturers." For this argument, the plaintiffs cite to an unpublished state trial court opinion that was later reversed on appeal, <u>Engle v. RJ Reynolds Tobacco</u>, 2000 WL 33534572 (Fla. Cir. Ct. Nov. 6, 2000), *rev'd* 853 So.2d 434 (Fla. 3d DCA 2003).[3] Even if the <u>Engle</u> decision stood for the broad proposition suggested

---

[3] The plaintiffs recognize that this opinion was reversed by the Third DCA, but they contend "it was not reversed with regard to the portion of the opinion that is relevant to the present case."

by the plaintiffs, it cannot be construed as the law of Florida. Furthermore, review of that case indicates that it does not reach as far as the plaintiffs claim. <u>Engle</u> involved class action allegations against tobacco companies arising out of injuries caused by smoking. One of the claims was for breach of implied warranty. The class action plaintiffs smoked different brands of cigarettes, and they obtained the cigarettes by different means. The plaintiffs not only bought the cigarettes from non-party retailers, but they also obtained them directly "through the promotional activities of the defendants." For example, the defendants utilized a

> mailing coupon program whereby the defendants, by direct mail, supplied the plaintiffs with the various brands which they smoked. These coupons [were] found in packs of cigarettes purchased by the plaintiff and were not available without a purchase --- therefore were not "free." Other promotions offered merchandise that was available for redemption with purchased cigarette coupons. Still *other* promotions distributed free samples without a purchase directly from the manufacturer.

<u>Id.</u> at *4. The tobacco company defendants, relying on <u>Kramer</u>, *supra*, 520 So.2d at 37, argued that the breach of implied warranty claim should fail because there was no privity between the plaintiffs and the manufacturers. The court disagreed, but its reason for doing so should not be misunderstood. The court *did not* hold that privity is not required for breach of warranty claims, or that non-direct purchasers can generally state a claim for breach of warranty; rather, it found that privity *was* established in that case because of the extensive promotional activities of the defendants. In fact, one of the manufacturer promotions, as noted, supplied the plaintiffs with cigarettes directly through the mail. This is why the warranty claim was allowed to stand. <u>Id.</u> ("In this case the Court specifically finds that the evidence, as referred to above, clearly establishes the requirement of 'privity' necessary to sustain a claim for implied warranty."). There is no such claim or suggestion of privity here.

*Case No. 3:07cv176/RV/EMT*

The plaintiffs contend that it is improper to reach the above conclusion by way of motion to dismiss. Instead, they claim "it is more appropriate for Defendants to seek relief under a motion for summary judgment after discovery." But, as I stated earlier, dismissal for failure to state a claim is appropriate on a dispositive issue of law. See, e.g., Marshall County, *supra*, 992 F.2d at 1174. Thus, several of the cases already cited (and many similar cases not cited) were decided at the motion to dismiss stage. Rees, *supra*, 2006 WL 3162834; T.W.M., *supra*, 886 F. Supp. at 842; see also McAteer v. Black & Decker (U.S.), Inc., 1999 WL 33836701, at *3 (M.D. Fla. Sept. 13, 1999) (dismissal appropriate where the allegations in complaint were insufficient to maintain breach of warranty claim; "The Plaintiff has not alleged that McAteer bought the product [from] or in anyway contracted *with* the Defendant . . . Absent such an allegation, the complaint does not state a claim for express or implied breach of warranty.") (emphasis in original). And further, as indicated, the Supreme Court has recently emphasized that a complaint should be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. See Bell Atlantic, *supra*, 127 S. Ct. at 1968-70. Given that the Patch is a prescription medical device not alleged to have been sold directly to the plaintiffs, there can be no plausible claim of privity.

Therefore, on the facts of this case, and in light of the well-established Florida law, the breach of warranty claim must be dismissed. Perhaps anticipating this result, the plaintiffs have asked for leave to amend. But, it is unclear how they could amend the complaint to state a claim for breach of implied warranty, and thus it is likely that any amendment would be futile. I need not decide the point, however, as the plaintiffs have not attached their proposed amended pleading, which they were required to do under the local rules. See N.D. Fla. Loc. R. 15.1 ("When leave is sought to amend a pleading pursuant to a motion, the motion *and the proposed amended pleading* shall each be filed and docketed separately.")

(emphasis added). If and when the plaintiffs formally request leave to amend their complaint --- and follow the rules of procedure in doing so --- I will consider their request at that time.

### III. Conclusion

For the foregoing reasons, the defendants' partial motion to dismiss count VI (doc. 5) is hereby GRANTED. Because the plaintiffs have voluntarily dismissed count V, that leaves counts I, II, III, IV, and VII as the remaining causes of action in this case.

DONE AND ORDERED this 24th day of July, 2007.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge